Scott A. Kamber (not admitted)
skamber@kamberlaw.com
David A. Stampley (not admitted)
dstampley@kamberlaw.com
KamberLaw, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:  (212) 920-3072
Facsimile:  (212) 920-3081

Charles Z. Stein (SBN 265361)
czstein@kamberlaw.com
KamberLaw, LLP
1180 South Beverly Drive, Suite 601
Los Angeles, California 90035
Telephone:  (310) 400-1050
Facsimile:  (310) 400-1056

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFEN KAUFMAN, an Individual, on Behalf of Himself and All Others Similarly Situated, | CASE NO. 8:10-CV-01891 JVS (RNBx) |
| | JURY DEMAND |
| Plaintiff, | CLASS ACTION COMPLAINT FOR: |
| v. | 1. Violation of Computer Fraud and Abuse Act, 18 U.S.C. §1030; |
| SPECIFICMEDIA, INC., a California Corporation, | 2. Violation of Computer Crime Law, Cal. Penal Code §502; |
| | 3. Violation of Invasion Of Privacy Act, Cal. Penal Code §630; |
| Defendant. | 4. Violation of Consumer Legal Remedies Act, Cal. Civ. Code §1750; |
| | 5. Violation of Unfair Competition Law, Cal. Bus. and Prof. Code §17200; |
| | 6. Trespass to Personal Property/Chattel |
| | 7. Unjust Enrichment |

Class Action Complaint                    1

Plaintiff, individually and on behalf of all others similarly situated, alleges as follows upon personal knowledge as to his own acts and observations and, otherwise, upon information and belief based on investigation of counsel.

## NATURE OF THE CASE

1.      In this complaint, Plaintiff alleges that Defendant SpecificMedia, Inc., a web ad-serving company, monitored his web browsing in ways he would not expect or detect.

2.      In particular, to circumvent measures Plaintiff took to prevent just such monitoring, Defendant served online advertisements that included hidden code to deposit Adobe Flash local shared objects on his computer to monitor his online activities on an ongoing basis.

3.      Plaintiff alleges that Defendant invaded his privacy, misappropriated his personal information, and interfered with the operability of his computer—conduct and consequences for which he now seeks relief.

## PARTIES

4.      Plaintiff is a resident of Los Angeles County, California.

5.      Defendant SpecificMedia, Inc. ("Specific Media" or "Defendant") operates an online advertising network. Specific Media is a California Corporation with corporate headquarters at 4 Park Plaza, Suite 1900, Irvine, California 92614.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1331.

7.      Venue is proper in this District under Title 28, United States Code, Section 1391(b) because defendant Specific Media is a corporation headquartered in Orange County in the State of California.

8.      In addition, venue is proper in this District under Title 28, United States Code, Section 1391(b) because Defendant's improper conduct alleged in

Class Action Complaint                          2

1  this complaint occurred in, was directed from, and/or emanated from this judicial
2  district.

3  **FACTUAL ALLEGATIONS**

4  **A.    Specific Media's Business**

5      9.      Specific Media earns its revenue by enabling advertisers to target
6  audiences through demographic, behavioral, and geographic technologies based
7  on name brand publishers.

8      10.     For the month of October 2010, Specific Media ranked 11th
9  comScore Media Metrix Ad Focus ranking, with an audience of approximately
10  153 million unique users, over 72 percent of the total Internet audience that
11  month.

12      11.     When a consumer visits a web page that includes a third-party
13  advertisement, the display of the advertisement occurs because the web page
14  causes the consumer to communicate with the ad network's systems; thus,
15  Specific Media's "audience" consists of consumers who visited websites on
16  which Specific Media displayed its clients' advertisements, not consumers who
17  chose to communicate with Specific Media or necessarily knew of Specific
18  Media's existence.

19      12.     Specific Media delivers its clients' advertisement on an ad network
20  consisting of websites, or "publishers," which Specific Media pays for their in-
21  ventory. "Inventory" is advertising display space on web pages.

22      13.     For delivering their ads on Specific Media's inventory, advertisers
23  pay Specific Media performance-based fees.

24  **B.    Specific Media's Flash LSO Exploit**

25      14.     Like many online, third-party services, Specific Media tracks
26  consumers by depositing and reading browser cookies containing unique
27  identifiers and browsing history information that it uses to create behavioral
28  profiles; when a profiled consumer visits a web page on which Specific Media

---

Class Action Complaint                      3

serves advertisements, Specific Media uses the profile to select particular categories of ads with which to target the user.

15.     A consumer who does not want to be tracked by third parties such as Specific Media can set his browser controls to block third-party cookies. For example, in Safari, this control is accessed as follows:

*Safari > Preferences > Security > Accept cookies: Only from sites I visit / Block cookies from third parties and advertisers*

16.     In addition, a consumer can delete browser cookies previously stored by third parties to attempt to prevent the third party from associating previously acquired tracking data with the consumer's subsequent web activity.

17.     Mechanisms to block and delete third-party cookies are generally available to consumers using commercial browsers.

18.     Specific Media augmented its tracking technology by using tracking mechanisms that users could not reasonably block or delete: Specific Media stored tracking data on consumers' computers in Adobe Flash local shared objects ("LSOs," sometimes referred to as "Flash cookies").

19.     Adobe Flash Player, which Adobe distributes to consumers without requiring monetary payment, is installed on the majority of U.S. consumers' computers.

20.     LSOs are files designed to be used by consumers' Adobe Flash Player software, for purposes such as storing a consumer's volume control preference for audio content or retaining the score of a video game the consumer plays in multiple sessions; Adobe Corporation has stated that LSOs were designed to support consumers' ability to experience "rich Internet application" content using the Adobe Flash Player. Letter to FTC, Adobe Systems Inc., Jan. 27, 2010, available at

http://www.ftc.gov/os/comments/privacyroundtable/544506-00085.pdf

(last accessed Dec. 6, 2010).

Class Action Complaint                4

21.      Specific Media stored LSOs on consumers' computers for purposes other than delivering content to play on consumers' Flash Players or to retain settings for playing Flash content chosen by consumers.

22.      Instead, Specific Media used LSOs as a substitute and back-up for browser cookies so it could track, profile, and serve targeted advertisements to consumers without being subject to the controls consumers reasonably expected to have over such third-party interactions on the Internet: for consumers whose browser controls were set to block third-party cookies, Specific Media used LSOs; and for consumers who had deleted Specific Media's browser cookies, Specific Media recreated the deleted browser cookies by using the contents stored in LSOs.

23.      Specific Media's use of this technology was independently confirmed in a report issued by academic researchers and titled, "Flash Cookies and Privacy," which found that a user visiting a website would receive a standard, browser cookie, and an identical, Specific Media LSO or "Flash cookie;" if the user deleted the browser cookie, the LSO would be used to "re-spawn" the browser cookie; these operations happened without any notice to the user and without any consent from the user; in addition, both the browser cookie and the LSO set by Specific Media would contain a common user identifier. "Flash Cookies and Privacy," A. Soltani, S. Canty, Q. Mayo, L. Thomas, C.J. Hoofnagle, Univ. Cal., Berkeley, Aug. 10, 2009 at 3, available at http://papers.ssrn.com/sol3/papers.cfm?abstract_id=1446862 (last accessed Dec. 6, 2010).

24.      In its letter to the Federal Trade Commission earlier this year, Adobe Systems Incorporated stated, "Adobe condemns the practice of using Local Storage to back up browser cookies for the purpose of restoring them later without user knowledge and express consent." Letter to FTC, Adobe Systems Inc., Jan. 27, 2010, p. 9, available at

Class Action Complaint                        5

http://www.ftc.gov/os/comments/privacyroundtable/544506-00085.pdf (last accessed Dec. 6, 2010).

**C.  Plaintiff's Experience**

25.    On or about early November 2010, Plaintiff examined the contents of his local storage associated with the Adobe Flash Player application on his computer and discovered an LSO set by SpecificMedia.com.

26.    It is Plaintiff's belief that this object is or is part of a tracking device used by Specific Media to monitor and profile his Internet activities.

27.    Plaintiff did not expect, receive notice of, or consent to the installation of a specific media LSO and did not want such a device to be installed on his computer.

28.    Defendant's use of LSOs to monitor Plaintiff's Internet communications exceeded the scope of any authorization that could have been granted by any publisher on whose web pages Defendant engaged in acquisition of Plaintiff's browser history information.

29.    Based on reports of Specific Media's role as a major online ad network and the presence of a specificmedia.com LSO on his computer, Plaintiff believes his web-browsing has been subjected to Specific Media's browser tracking.

30.    Plaintiff did not expect, receive notice of, or consent to Specific Media's performance of browser-tracking on his computer and did not want Specific Media to engage in such activity.

31.    Defendant's browser tracking exceeded the scope of any authorization that could have been granted by any publisher on whose web pages Defendant engaged in acquisition of Plaintiff's information.

32.    Plaintiff considers information about his online activities to be in the nature of confidential information that he protects from disclosure by periodically deleting cookies.

33.     Plaintiff considers information about any website he has visited to be in the nature of confidential information that he does not expect to be available to an unaffiliated website from a different domain.

**D. User Consequences**

34.     Defendant's actions in depositing LSOs on consumers' computers, in addition to circumventing consumers' browser controls, affected consumers' reasonable expectations regarding their abilities to control third-party monitoring and information collection in that: (a) many consumers are aware of browser cookies but are unaware of LSOs; (b) consumers browsers are generally equipped with utilities identifying and controlling third-party browser cookies but consumers have no reasonable means of identifying, managing, or deleting LSOs, particularly LSOs repurposed by third-party advertising networks of whose presence consumers are unlikely to be aware; (c) to the extent Adobe Corporation purports to offer tools for managing LSOs, such tools reside on Adobe's servers, are proprietary to Adobe, and are not reasonably usable; (d) unlike browser cookies, which are four kilobytes, LSOs may be up to 100 kilobytes in size; (e) unlike browser cookies which, by default, expire at the end of a consumer's browser session, LSOs have no default expiration; (f) unlike browser cookies, which are stored by and accessible to the consumer through utilities in the consumer's browser or browsers, LSOs are browser-independent; (g) unlike browser cookies, the specifications for the manner in which LSOs can be created and manipulated is controlled by a single vendor, Adobe; (h) unlike browser cookies, Adobe's design of LSOs permits third-parties' cross-domain access; and (i) and unlike browser cookies, Adobe's design of LSOs permits third parties' nontransparent override of consumers' encrypted (HTTPS) web communications.

35.     Defendant's actions in depositing and using LSOs and were surreptitious and without notice and so were conducted without authorization and

exceeding authorization.

36.    Plaintiff and Class Members sought to maintain the secrecy and confidentiality of their personal information assets acquired by Defendant.

37.    The confidential character of Plaintiff and Class Members' personal information is further demonstrated by their utilization of browser privacy controls and their reasonable reliance on global standards that protect users from cross-domain activity.

38.    The confidential character of Plaintiff and Class Members' personal information is further demonstrated by Specific Media's use of surreptitious and deceptive methods to deposit on Plaintiff and Class Members' computers.

39.    Defendant has misappropriated Plaintiff and Class Members' personal information.

40.    Defendant's conduct has caused economic loss to Plaintiff and Class Members in that their personal information has discernable value, both to Defendant and to Plaintiff and Class Members.

41.    Defendant has deprived Plaintiff and Class Members of the economic value of their personal information and/or diminished its value to Plaintiff and Class Members.

42.    Defendant has used Plaintiff and Class Members' personal information for Defendant's own economic benefit.

43.    The aggregated loss and damage sustained by the Class, as defined herein, includes economic loss with an aggregated value of at least $5,000 during a one-year period.

44.    Defendant perpetrated the acts and omissions set forth in this complaint through an organized campaign of deployment, which constituted a single act.

45.    Based on Defendant's actions in acquiring Plaintiff and Class

Class Action Complaint                    8

Members' personal information, an implied contract existed between Defendant and Class Members, to which Defendant's assent may be fairly inferred, and under which contract Defendant was unjustly enriched.

46.     Plaintiff and Class Members have been harmed by Defendant's deceptive acquisition of their personal information in the loss of their rights to use, share, and maintain the confidentiality of their information, each according to his or his own discretion.

## CLASS ALLEGATIONS

47.     Pursuant to the Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3), Plaintiff brings this action as a class action on behalf of himself and all others similarly situated as members of the Class, defined as follows:

> All persons residing in the United States that accessed a website that resulted in the storage of a specificmedia.com Adobe Flash local shared object on their computers.

48.     Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

49.     Plaintiff reserves the right to revise this definition of the Class based on facts learned in the course of litigating this matter.

50.     The Class consists of millions of individuals and other entities, making joinder impractical.

51.     The claims of Plaintiff are typical of the claims of all other Class Members.

52.     Plaintiff will fairly and adequately represent the interests of the other Class Members. Plaintiff has retained counsel with substantial experience

in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of Class Members and have the financial resources to do so. Neither Plaintiff nor his counsel has any interests adverse to those of the other Class Members.

53.     Absent a class action, most Class Members would find the cost of litigating their claims to be prohibitive and would have no effective remedy.

54.     The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

55.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and other Class Members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members.

56.     The factual and legal bases of Defendant's liability to Plaintiff and other Class Members are the same, resulting in injury to Plaintiff and all of the other Class Members. Plaintiff and other Class Members have all suffered harm and damages as a result of Defendant's wrongful conduct.

57.     There are many questions of law and fact common to Plaintiff and the Class Members and those questions predominate over any questions that may affect individual Class Members. Common questions for the Class include, but are not limited to the following:

a.     Whether Defendant, without authorization, created and/or manipulated Adobe Flash Player local stored objects on computers to which Class Members enjoyed rights of possession superior to those of Defendant;

b.     For what purpose Defendant created and/or manipulated Adobe Flash Player local stored objects on Class Members' computers; ;

c.     Whether Defendant violated: (i) the Computer Fraud and Abuse

Class Action Complaint                    10

Act, 18 U.S.C. § 1030; (ii) the Electronic Communications Privacy Act, 18 U.S.C. § 2510; and (iii) Section 349 of the New York General Business Law

      d.    Whether Defendant misappropriated valuable information assets of Class Members;

      e.    Whether Defendant continues to retain valuable information assets from and about Class Members;

      f.    What uses of such information were exercised and continue to be exercised by Defendant;

      g.    Whether Defendant invaded the privacy of Class Members;

      h.    Whether Defendant's actions constituted trespass to personal property;

      i.    Whether Defendant's actions evince an implied contract between Defendant and Class Members; and

      j.    Whether Defendant has been unjustly enriched.

    58.    The questions of law and fact common to Class Members predominate over any questions affecting only individual members, and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

### CLAIMS FOR RELIEF

    59.    Based on the foregoing allegations, Plaintiff's claims for relief include the following:

### COUNT I

### Violations of the Computer Fraud and Abuse Act,

### 18 U.S.C § 1030, *et seq.*

    60.    Plaintiff incorporates the above allegations by reference as if fully set forth herein.

    61.    The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, referred to as "CFAA," regulates fraud and related activity in connection with computers,

1   and makes it unlawful to intentionally access a computer used for interstate
2   commerce or communication, without authorization or by exceeding authorized
3   access to such a computer, thereby obtaining information from such a protected
4   computer, within the meaning of U.S.C. § 1030(a)(2)(C).

5        62.     Defendant violated 18 U.S.C. 1030 by intentionally accessing
6   Plaintiff's and Class Members' computers without authorization or by exceeding
7   authorization, thereby obtaining information from such a protected computer.

8        63.     The CFAA, 18 U.S.C. § 1030(g) provides a civil cause of action
9   to "any person who suffers damage or loss by reason of a violation of CFAA.

10        64.     The CFAA, 18 U.S.C. § 1030(a)(5)(A)(i) makes it unlawful to
11   "knowingly cause the transmission of a program, information, code, or command
12   and as a result of such conduct, intentionally cause damage without
13   authorization, to a protected computer," of a loss to one or more persons during
14   any one-year period aggregating at least $5,000 in value.

15        65.     Plaintiff's computer is a "protected computer . . . which is used in
16   interstate commerce and/or communication" within the meaning of 18 U.S.C. §
17   1030(e)(2)(B).

18        66.     Defendant violated 18 U.S.C. § 1030(a)(5)(A)(i) by knowingly
19   causing the transmission of a command to be downloaded to Plaintiff's
20   computer, which is a protected computer as defined above. By storing LSOs and
21   transmitting details of Plaintiff's web activities and communications, Defendant
22   intentionally caused damage without authorization to those Class Members'
23   computers by impairing the integrity of the computers.

24        67.     Defendant violated 18 U.S.C. 1030(a)(5)(A)(ii) by intentionally
25   accessing Plaintiff's and Class Members' protected computers without
26   authorization, and as a result of such conduct, recklessly caused damage to
27   Plaintiff's and Class Members computers by impairing the integrity of data
28   and/or system and/or information.

---

Class Action Complaint         12

68.     Defendant violated 18 U.S.C. 1030 (a)(5)(A)(iii) by intentionally accessing Plaintiff's and Class Members' protected computers without authorization, and as a result of such conduct, caused damage and loss to Plaintiff and Class Members.

69.     Plaintiff and Class Members suffered damage by reason of these violations, as defined in 18 U.S.C. 1030(e)(8), by the "impairment to the integrity or availability of data, a program, a system or information."

70.     Plaintiff and Class Members have suffered loss by reason of these violations, as defined in 18 U.S.C. 1030(e)(11), by the "reasonable cost . . . including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."

71.     Plaintiff and Class Members have suffered loss by reason of these violations, including, without limitation, violation of the right of privacy, and disclosure of personal information that is otherwise private, confidential, and not of public record.

72.     As a result of these takings, Defendant's conduct has caused a loss to one or more persons during any one-year period aggregating at least $5,000 in value in real economic damages.

73.     Plaintiff and Class Members have additionally suffered loss by reason of these violations, including, without limitation, the right of privacy.

74.     Defendant's unlawful access to Plaintiff's and Class Members' computers and electronic communications has caused Plaintiff and Class Members irreparable injury. Unless restrained and enjoined, Defendant will continue to commit such acts. Plaintiff's and Class Members' remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiff and Class Members to remedies including injunctive relief as provided

1 | by 18 U.S.C. § 1030(g).

## Count II

### Violation of California's Computer Crime Law ("CCCL")

### California Penal Code § 502

83.  Plaintiff incorporates the above allegations by reference as if set forth herein at length.

84.  Plaintiff asserts this claim against each and every Defendant named herein in this complaint on behalf of themselves and the Class.

85.  The California Computer Crime Law, California Penal Code § 502, referred to as "CCCL" regulates "tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems."

86.  Defendant violated California Penal Code § 502 by knowingly accessing, copying, using, making use of, interfering, and/or altering, data belonging to Plaintiff and Class Members: (1) in and from the State of California; (2) in the home states of the Plaintiff and Class Members; and (3) in the state in which the servers that provided the communication link between Plaintiff and Class Members and the websites they interacted with were located.

87.  Pursuant to California Penal Code § 502(b)(1), "Access means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network."

88.  Pursuant to California Penal Code § 502(b)(6), "Data means a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device."

89.  Pursuant to California Penal Code § 502(b)(8), "Injury means any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the access, or the denial of access

1  to legitimate users of a computer system, network, or program."

2  90.   Pursuant to California Penal Code § 502(b)(10) a "Computer
3  contaminant means any set of computer instructions that are designed to modify,
4  damage, destroy, record, or transmit information within a computer, computer
5  system, or computer network without the intent or permission of the owner of the
6  information. They include, but are not limited to, a group of computer
7  instructions commonly called viruses or worms, that are self-replicating or self-
8  propagating and are designed to contaminate other computer programs or
9  computer data, consume computer resources, modify, destroy, record, or transmit
10 data, or in some other fashion usurp the normal operation of the computer,
11 computer system, or computer network."

12 91.   Defendant has violated California Penal Code § 502(c)(1) by
13 knowingly accessing and without permission, altering, and making use of data
14 from Plaintiff's computers in order to device and execute business practices to
15 deceive Plaintiff and Class Members into surrendering private electronic
16 communications and activities for Defendant's financial gain, and to wrongfully
17 obtain valuable private data from Plaintiff.

18 92.   Defendant has violated California Penal Code § 502(c)(2) by
19 knowingly accessing and without permission, taking, or making use of data from
20 Plaintiff's computers.

21 93.   Defendant has violated California Penal Code § 502(c)(3) by
22 knowingly and without permission, using and causing to be used Plaintiff's
23 computer services.

24 94.   Defendant has violated California Penal Code § 502(c)(4) by
25 knowingly accessing and without permission, adding and/or altering the data
26 from Plaintiff's computers.

27 95.   Defendant has violated California Penal Code § 502(c)(5) by
28 knowingly and without permission, disrupting or causing the disruption of

Class Action Complaint                15

Plaintiff's computer services or denying or causing the denial of computer services to Plaintiff.

96.   Defendant has violated California Penal Code § 502(c)(6) by knowingly and without permission providing, or assisting in providing, a means of accessing Plaintiff's computers, computer system, and/or computer network.

97.   Defendant has violated California Penal Code § 502(c)(7) by knowingly and without permission accessing, or causing to be accessed, Plaintiff's computer, computer system, and/or computer network.

98.   Defendant has violated California Penal Code § 502(c)(8) by knowingly introducing a computer contaminant into the Plaintiff's computer, computer system and/or computer network to obtain data regarding Plaintiff's electronic communications.

99.   California Penal Code § 502(j) states: "For purposes of bringing a civil or a criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction."

100.   Plaintiff and Class Members have also suffered irreparable injury from these unauthorized acts of disclosure, to wit:  all of their personal, private, and sensitive electronic communications have been harvested, viewed, accessed, stored, and used by Defendant, and have not been destroyed, and due to the continuing threat of such injury, have no adequate remedy at law, entitling Plaintiff and Class Members to injunctive relief.

101.   Plaintiff and Class Members have additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy.

102.   As a direct and proximate result of Defendant's unlawful conduct within the meaning of California Penal Code § 502, Defendant has caused loss to

Plaintiff and Class Members in an amount to be proven at trial.  Plaintiff and Class Members are also entitled to recover their reasonable attorneys' fees pursuant to California Penal Code § 502(e).

103.   Plaintiff and the Class Members seek compensatory damages, in an amount to be proven at trial, and injunctive or other equitable relief.

104.   Plaintiff and Class Members have suffered irreparable and incalculable harm and injuries from Defendant's violations. The harm will continue unless Defendant is enjoined from further violations of this section. Plaintiff and Class Members have no adequate remedy at law.

105.   Plaintiff and the Class Members are entitled to punitive or exemplary damages pursuant to Cal. Penal Code § 502(e)(4) because Defendant's violation was willful and, on information and belief, Defendant is guilty of oppression, fraud, or malice as defined in Cal. Civil Code § 3294.

106.   Defendant's unlawful access to Plaintiff's and Class Members' computers and electronic communications has caused them irreparable injury. Unless restrained and enjoined, Defendant will continue to commit such acts. Plaintiff's and Class Members' remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiff and Class Members to remedies including injunctive relief as provided by California Penal Code § 502(e).

**Count III**

**Violation of the California Invasion of Privacy Act**

**Penal Code section 630 et seq.**

107.   Plaintiff incorporates the above allegations by reference as if set forth herein at length.

108.   Plaintiff asserts this claim against Defendant named herein in this complaint on behalf of themselves and the Class.

109.   California Penal Code section 630 provides, in part:

Any person who, . . . or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable . . .

110.   On information and belief, Plaintiff and each Class Member, during one or more of their interactions on the Internet during the Class period, communicated with one or more web entities based in California, or with one or more entities whose servers were located in California.

111.   Communications from the California web-based entities to Plaintiff and Class Members were sent from California.  Communications to the California web-based entities from Plaintiff and Class Members were sent to California.

112.   Plaintiff and Class Members did not consent to any of the Defendant's actions in intercepting, reading, and/or learning the contents of their communications with such California-based entities.

113.   Plaintiff and Class Members did not consent to any of the Defendant's actions in using the contents of their communications with such California-based entities.

114.   Defendant is not a "public utility engaged in the business of providing communications services and facilities . . ."

115.   The actions alleged herein by the Defendant were not undertaken: "for the purpose of construction, maintenance, conduct or operation of the services and facilities of the public utility."

Class Action Complaint                    18

116.   The actions alleged herein by the Defendant were not undertaken in connection with: "the use of any instrument, equipment, facility, or service furnished and used pursuant to the tariffs of a public utility."

117.   The actions alleged herein by the Defendant were not undertaken with respect to any telephonic communication system used for communication exclusively within a state, county, city and county, or city correctional facility.

118.   The Defendant directly participated in the interception, reading, and/or learning the contents of the communications between Plaintiff, Class Members and California-based web entities.

119.   Plaintiff and Class Members have additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy.

120.   Unless restrained and enjoined, Defendant will continue to commit such acts.  Pursuant to Section 637.2 of the California Penal Code, Plaintiff and the Class have been injured by the violations of California Penal Code section 631.  Wherefore, Plaintiff, on behalf of himself and on behalf of a similarly situated Class of consumers, seek damages and injunctive relief.

**COUNT IV**

**Violations of the Consumer Legal Remedies Act**

**("CLRA") California Civil Code § 1750, et seq.**

121.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

122.   In violation of Civil Code section 1750, et seq. (the "CLRA"), Defendant has engaged and is engaging in unfair and deceptive acts and practices in the course of transactions with Plaintiff, and such transactions are intended to and have resulted in the sales of services to consumers. Plaintiff and the Class Members are "consumers" as that term is used in the CLRA because they sought or acquired Defendant's goods or services for personal, family, or household

Class Action Complaint                    19

purposes. Defendant's past and ongoing acts and practices include but are not limited to:

a)    Defendant's representations that their services have characteristics, uses, and benefits that they do not have, in violation of Civil Code § 1770(a)(5);

b)    Defendant's representations that their services are of a particular standard, quality and grade but are of another standard quality and grade, in violation of Civil Codes § 1770(a)(7); and

c)    Defendant's advertisement of services with the intent not to sell those services as advertised, in violation of Civil Code § 1770(a)(9).

123.   Defendant's violations of Civil Code § 1770 have caused damage to Plaintiff and the other Class Members and threaten additional injury if the violations continue. This damage includes the losses set forth above.

124.   At this time, Plaintiff seeks only injunctive relief under this cause of action. Pursuant to California Civil Code, Section 1782, Plaintiff will notify Defendant in writing of the particular violations of Civil Code, Section 1770 and demand that Defendant rectify the problems associated with their behavior detailed above, which acts and practices are in violation of Civil Code § 1770.

125.   If Defendant fails to respond adequately to Plaintiff's above described demand within 30 days of Plaintiff's notice, pursuant to California Civil Code, Section 1782(b), Plaintiff will amend the complaint to request damages and other relief, as permitted by Civil Code, Section 1780.

## COUNT V

### Violations of the Unfair Competition Law ("UCL") California Business and Professions Code § 17200, et seq.

126.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

127.   In violation of California Business and Professions Code § 17200 et

seq., Defendant's conduct in this regard is ongoing and includes, but is not limited to, unfair, unlawful and fraudulent conduct.

128.   By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of the UCL and, as a result, Plaintiff and the Class have suffered injury-in-fact and have lost money and/or property—specifically, personal information and/or registration fees.

129.   Defendant's business acts and practices are unlawful, in part, because they violate California Business and Professions Code § 17500, et seq., which prohibits false advertising, in that they were untrue and misleading statements relating to Defendant's performance of services and with the intent to induce consumers to enter into obligations relating to such services, and regarding statements Defendant knew were false or by the exercise of reasonable care Defendant should have known to be untrue and misleading.

130.   Defendant's business acts and practices are also unlawful in that they violate the California Consumer Legal Remedies Act, California Civil Code, Sections 1647, et seq., 1750, et seq., and 3344, California Penal Code, section 502, and Title 18, United States Code, Section 1030. Defendant is therefore in violation of the "unlawful" prong of the UCL.

131.   Defendant's business acts and practices are unfair because they cause harm and injury-in-fact to Plaintiff and Class Members and for which Defendant has no justification other than to increase, beyond what Defendant would have otherwise realized, their profit in fees from advertisers and their information assets through the acquisition of consumers' personal information. Defendant's conduct lacks reasonable and legitimate justification in that Defendant has benefited from such conduct and practices while Plaintiff and the Class Members have been misled as to the nature and integrity of Defendant's services and has, in fact, suffered material disadvantage regarding their interests

in the privacy and confidentiality of their personal information. Defendant's conduct offends public policy in California tethered to the Consumer Legal Remedies Act, the state constitutional right of privacy, and California statutes recognizing the need for consumers to obtain material information that enables them to safeguard their own privacy interests, including California Civil Code, Section 1798.80.

132.   In addition, Defendant's modus operandi constitutes a sharp practice in that Defendant knew, or should have known, that consumers care about the status of personal information and email privacy but were unlikely to be aware of the manner in which Defendant failed to fulfill their commitments to respect consumers' privacy. Defendant is therefore in violation of the "unfair" prong of the UCL.

133.   Defendant's acts and practices were fraudulent within the meaning of the UCL because they are likely to mislead the members of the public to whom they were directed.

**Count VI**

**Trespass to Personal Property / Chattels**

134.   Plaintiff incorporates by reference and reallege all paragraphs previously alleged herein.

135.   The common law prohibits the intentional intermeddling with personal property, including a computer, in possession of another that results in the deprivation of the use of the personal property or impairment of the condition, quality, or usefulness of the personal property.

136.   By engaging in the acts alleged in this complaint without the authorization or consent of Plaintiff and Class Members, Defendant dispossessed Plaintiff and Class Members from use and/or access to their computers, or parts of them. Further, these acts impaired the use, value, and quality of Plaintiff's and Class Members' computers. Defendant's acts constituted an intentional

interference with the use and enjoyment of the computers. By the acts described above, Defendant has repeatedly and persistently engaged in trespass to personal property in violation of the common law.

137.   Without Plaintiff's and Class Members' consent, or in excess of any consent given, Defendant knowingly and intentionally accessed Plaintiff's and Class Members' property, thereby intermeddling with Plaintiff's and Class Members' right to possession of the property and causing injury to Plaintiff and the members of the Class.

138.   Defendant engaged in deception and concealment in order to gain access to Plaintiff and Class Members' computers.

139.   Defendant undertook the following actions with respect to Plaintiff's and Class Members' computers:

   a)   Defendant accessed and obtained control over the user's computer;

   b)   Defendant caused the installation of a new code onto the hard drive of the user's computer;

   c)   Defendant programmed the operation of its code to function and operate without notice or consent on the part of the owner of the computer, and outside of the control of the owner of the computer.

140.   All these acts described above were acts in excess of any authority any user granted when he or she visited the Specific Media Flash Cookie Affiliates' websites and none of these acts was in furtherance of users viewing the Specific Media Flash Cookie Affiliates websites. By engaging in deception and misrepresentation, whatever authority or permission Plaintiff and Class Members may have granted to Specific Media Flash Cookie Affiliates was vitiated.

141.   Defendant's installation and operation of its program used, interfered, and/or intermeddled with Plaintiff's and Class Members' computer

systems. Such use, interference and/or intermeddling was without Class Members' consent or, in the alternative, in excess of Plaintiff's and Class Members' consent.

142.   Defendant's installation and operation of its program constitutes trespass, nuisance, and an interference with Class Members' chattels, to wit, their computers.

143.   Defendant's installation and operation of its program impaired the condition and value of Class Members' computers.

144.   Defendant's trespass to chattels, nuisance, and interference caused real and substantial damage to Plaintiff and Class Members.

145.   As a direct and proximate result of Defendant's trespass to chattels, nuisance, interference, unauthorized access of and intermeddling with Plaintiff's and Class Members' property, Defendant has injured and impaired in the condition and value of Class Members' computers, as follows:

a)   By consuming the resources of and/or degrading the performance of Plaintiff's and Class Members' computers (including hard drive space, memory, processing cycles, and Internet connectivity);

b)   By diminishing the use of, value, speed, capacity, and/or capabilities of Plaintiff's and Class Members' computers;

c)   By devaluing, interfering with, and/or diminishing Plaintiff's and Class Members' possessory interest in their computers;

d)   By altering and controlling the functioning of Plaintiff's and Class Members' computers;

e)   By infringing on Plaintiff's and Class Members' right to exclude others from their computers;

f)   By infringing on Plaintiff's and Class Members' right to determine, as owners of their computers, which programs should be installed and operating on their computers;

Class Action Complaint                    24

g)      By compromising the integrity, security, and ownership of Class Members' computers; and

h)      By forcing Plaintiff and Class Members' to expend money, time, and resources in order to remove the program installed on their computers without notice or consent.

### Count VII

### Unjust Enrichment

146.   Plaintiff incorporates the above allegations by reference as if set forth herein at length.

147.   A benefit has been conferred upon Defendant by Plaintiff and the Class. On information and belief, Defendant, directly or indirectly, has received and retain information regarding online communications and activity of Plaintiff, and Defendant has received and retain information regarding specific purchase and transactional information that is otherwise private, confidential, and not of public record, and/or have received revenue from the provision of such information.

148.   Defendant appreciates or has knowledge of said benefit.

149.   Under principles of equity and good conscience, Defendant should not be permitted to retain the information and/or revenue which they acquired by virtue of their unlawful conduct. All funds, revenues, and benefits received by Defendant rightfully belong to Plaintiff and the Class, which Defendant has unjustly received as a result of its actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant and that the Court may:

A.      Certify this case as a Class action on behalf of the Class defined above, appoint Plaintiff as Class representative, and appoint his counsel as Class counsel;

Class Action Complaint                    25

B.   Declare that Defendant's actions, as set forth above, violate the following:

    i.    Computer Fraud and Abuse Act, 18 U.S.C. § 1030;

    ii.    California's Computer Crime Law, Penal Code § 502;

    iii.    California's Invasion Of Privacy Act, California Penal Code § 630;

    iv.    California's Consumer Legal Remedies Act, Civil Code § 1750;

    v.    California's Unfair Competition Law, Business and Professions Code § 17200;

    vi.    Trespass to Personal Property / Chattels;

    vii.    Unjust Enrichment

C.   Award injunctive and equitable relief as applicable to the Class *mutatis mutandis*, including:

    i.    prohibiting Defendant from engaging in the acts alleged above;

    ii.    requiring Defendant to disgorge to Plaintiff and Class Members or to whomever the Court deems appropriate all of Defendant's ill-gotten gains;

    iii.    requiring Defendant to delete all data from and about Plaintiff and Class Members that it collected and/or acquired from third parties through the acts alleged above;

    iv.    requiring Defendant to provide Plaintiff and other Class Members reasonable means to decline, permanently, participation in Defendant's collection of data from and about them;

    v.    awarding Plaintiff and Class Members full restitution of all benefits wrongfully acquired by Defendant through the

wrongful conduct alleged above; and

vi.   ordering an accounting and constructive trust to be imposed on the data from and about Plaintiff and Class Members and on funds or other assets obtained by unlawful means as alleged above, to avoid dissipation, fraudulent transfers, and/or concealment of such assets by Defendant;

D.   award damages, including statutory damages where applicable, to Plaintiff and Class Members in an amount to be determined at trial;

E.   award restitution against Defendant for all money to which Plaintiff and the Class are entitled in equity;

F.   restrain, by preliminary and permanent injunction, Defendant, its officers, agents, servants, employees, and attorneys, and those participating with them in active concert, from identifying Plaintiff and Class Members online, whether by personal or pseudonymous identifiers, and from monitoring, accessing, collecting, transmitting, and merging with data from other sources any information from or about Plaintiff and Class Members;

G.   award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees; pre- and post-judgment interest to the extent allowable; restitution; disgorgement and other equitable relief as the Court deems proper; compensatory damages sustained by Plaintiff and the Class; statutory damages, including punitive damages; and permanent injunctive relief prohibiting Defendant from engaging in the conduct and practices complained of herein; and

For such other and further relief as this Court deems just and proper.

//

//

//

Class Action Complaint                    27

| | |
|---|---|
| 1 | Dated: December 10, 2010 |

Respectfully submitted,

KamberLaw, LLC
KamberLaw, LLP

By: *[signature]*

Charles Z. Stein
One of the attorneys for Plaintiff,
individually and on behalf of a class of
similarly situated individuals

Scott A. Kamber (not admitted)
skamber@kamberlaw.com
KamberLaw, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:    (212) 920-3072
Facsimile:    (212) 920-3081

David A. Stampley (not admitted)
dstampley@kamberlaw.com
KamberLaw, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:    (212) 920-3072
Facsimile:    (212) 920-3081

Charles Z. Stein (SBN 265361)
czstein@kamberlaw.com
KamberLaw, LLP
1180 South Beverly Drive
Suite 601
Los Angeles, California 90035
Telephone:    (310) 400-1050
Facsimile:    (310) 400-1056

# JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: December 10, 2010

Respectfully submitted,

KamberLaw, LLP

By: _Charles Z. Stein_

Charles Z. Stein
One of the attorneys for Plaintiff,
individually and on behalf of a class
of similarly situated individuals

Scott A. Kamber (not admitted)
skamber@kamberlaw.com
KamberLaw, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:    (212) 920-3072
Facsimile:    (212) 920-3081

David A. Stampley (not admitted)
dstampley@kamberlaw.com
KamberLaw, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:    (212) 920-3072
Facsimile:    (212) 920-3081

Charles Z. Stein (SBN 265361)
czstein@kamberlaw.com
KamberLaw, LLP
1180 South Beverly Drive
Suite 601
Los Angeles, California 90035
Telephone:    (310) 400-1050
Facsimile:    (310) 400-1056

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
STEFEN KAUFMAN, an Individual on Behalf of Himself and All Others Similarly Situated

**DEFENDANTS**
SPECIFICMEDIA, INC., a California Corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Charles Z. Stein (SBN 265361) KamberLaw, LLP
1180 South Beverly Drive, Suite 601
Los Angeles, California 90035
Telephone: (310) 400-1050

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Viol. of (1) 18 USC §1030; (2) CA Penal Code §502; (3) CA Penal Code §630; (4) CA Civ. Code §1750; See Attachment A for additional causes of action

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: 8:10CV-01891

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**CIVIL COVER SHEET**

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 8:10-cv-01256-GW-JCG

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date December 10, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT A
### Attachment to Civil Cover Sheet
Case Number: _____

**Additional Causes of Action:**

(5) CA Bus. & Prof. Code §17200; (6) Trespass to Personal
Property/Chattel; (7) Unjust Enrichment

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge <u>James V. Selna</u> and the assigned discovery Magistrate Judge is <u>Robert N. Block</u> .

The case number on all documents filed with the Court should read as follows:

<u>CV10-01891 JVS (RNBx)</u>

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ **Western Division** | ☑ **Southern Division** | ☐ **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (01/09)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Charles Z. Stein (SBN 265361)
KamberLaw, LLP
1180 South Beverly Drive, Suite 601
Los Angeles, California 90035

# FOR OFFICE USE ONLY

COPY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFEN KAUFMAN, an Individual, on Behalf of Himself and All Others Similarly Situated<br><br>PLAINTIFF(S)<br>v.<br>SPECIFICMEDIA, INC., a California Corporation<br><br>DEFENDANT(S). | CASE NUMBER<br><br>8:10-CV-01891 JVS (RNBx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>SpecificMedia, Inc. c/o CSC Lawyers Incorporating Services, 2730 Gateway Oaks</u>
<u>Drive, Suite 100, Sacramento, CA 95833</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Charles Z. Stein</u>, whose address is <u>1180 South Beverly Drive, Suite 601, Los Angeles, California 90035</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**JULIE PRADO**

Dated:   DEC 1 3 2010   _____

By: _____

Deputy Clerk

(Seal of the Court)   SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# FOR OFFICE USE ONLY